UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| M.C.S., in her capacity as parent and guardian of minor W.B.,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>SEATTLE SCHOOL DISTRICT NO 1,<br><br>　　　　　　　　Defendant. | CASE NO. 2:21-cv-00619-LK<br><br>ORDER ON PETITION FOR APPOINTMENT OF SETTLEMENT GUARDIAN AD LITEM PURSUANT TO FED. R. CIV. P. 17 |

This matter comes before the Court upon the Petition of Lara Hruska of Cedar Law PLLC, counsel for Plaintiffs, seeking the appointment of a Settlement Guardian ad Litem for Plaintiff W.B. pursuant to Federal Rule of Civil Procedure 17. Dkt. No. 15 ("Petition"). For the reasons set forth below, the Petition is GRANTED.

## I.   BACKGROUND

On May 9, 2021, Plaintiffs M.C.S. and W.B. ("Plaintiffs") filed a Complaint and Jury Demand ("Complaint") against Defendant Seattle School District No. 1 ("Defendant"), alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; Section 504 of the

ORDER ON PETITION FOR APPOINTMENT OF SETTLEMENT GUARDIAN AD LITEM - 1

1 | Rehabilitation Act of 1973, 29 U.S.C. § 794; and W.B.'s rights under the Fourth and Fourteenth
2 | Amendments to the U.S. Constitution pursuant to 42 U.S.C. § 1983. Dkt. No. 1 at 1–2, 14–19.
3 | Plaintiffs also brought claims under Washington law for Defendant's alleged violations of the
4 | Washington Law Against Discrimination and the Washington Public Records Act, as well as
5 | claims of negligence; negligent hiring, training, and supervision; false imprisonment; assault and
6 | battery; outrage; negligent infliction of emotional distress; and loss of consortium. *Id.* at 19–27.
7 | Defendant answered the Complaint on June 1, 2021. Dkt. No. 7.

8 | On December 20, 2021, the parties filed a Notice of Settlement notifying the Court that
9 | they had agreed in principle to settle this action, and that they intended to file a Stipulated
10 | Dismissal once the settlement had been approved by a Settlement Guardian ad Litem as required
11 | by Federal Rule of Civil Procedure 17 ("Rule 17"). Dkt. No. 14. In their Notice of Settlement,
12 | the parties requested that the Court vacate the trial date and pre-trial deadlines that had
13 | previously been set by the Court's August 24 Civil Trial Scheduling Order. *Id.* The Court did so
14 | on January 7, 2022. Dkt. No. 19.

15 | Also on December 20, 2021, Plaintiffs filed a Petition for Appointment of Settlement
16 | Guardian ad Litem Pursuant to Rule 17. Dkt. No. 15. Plaintiffs requested that the Court find that
17 | Plaintiff W.B. does not already have a duly appointed representative, that a Settlement Guardian
18 | ad Litem should be appointed for W.B. pursuant to Rule 17, and that attorney Christopher M.
19 | Henderson has the appropriate expertise and background to serve as Settlement Guardian ad
20 | Litem for W.B. *Id.* at 1–2. Plaintiffs also requested that the Court appoint Mr. Henderson as
21 | Settlement Guardian ad Litem for W.B. and authorize him to bill for his services at his current
22 | hourly rate. *Id.* Defendant does not oppose the appointment of Mr. Henderson as Settlement
23 | Guardian ad Litem for W.B. *Id.* at 4; Dkt. No. 16 ¶ 6.
24 |

## II.   STANDARD

"The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). Therefore, under Rule 17, district courts have a "special duty" to "safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) ("[A] court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem.").

Local Civil Rule 17(c) requires that the court appoint an independent guardian ad litem who is an attorney-at-law in any case involving court approval of a settlement involving the claim of a minor or incompetent. The guardian ad litem is obligated to "investigate the adequacy of the offered settlement and report thereon." LCR 17(c). The court may, however, dispense with the appointment of the guardian ad litem "if a general guardian has been previously appointed for such minor or incompetent, or if the court affirmatively finds that the minor or incompetent is represented by independent counsel." *Id.*

Generally, the role of the guardian ad litem in a federal lawsuit is to protect the interests of the minor. Fed. R. Civ. P. 17(c). A district court "maintains a continuing obligation to supervise the guardian ad litem's work." *Neilson v. Colgate–Palmolive Co.*, 199 F.3d 642, 652 (2d Cir. 1999) (citing *Dacanay*, 573 F.2d at 1079; *Noe v. True*, 507 F.2d 9, 12 (6th Cir. 1974)). Thus, a court must independently investigate and evaluate any compromise or settlement of a

minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem. *Salmeron*, 724 F.2d at 1363.

The district court may remove the guardian ad litem at any time. *Hull by Hull v. United States*, 53 F.3d 1125, 1127 n.1 (10th Cir. 1995) (noting that parties seeking to challenge the decisions of a guardian ad litem have a remedy of applying to the court to have the guardian ad litem removed or to have another guardian ad litem appointed).

### III.   DISCUSSION

Plaintiffs request the appointment of Christopher M. Henderson as the Settlement Guardian ad Litem for Plaintiff W.B., a minor who is currently ten years of age. Having reviewed the Petition and supporting declarations, the Court finds that W.B. does not currently have a guardian who meets the requirements of Rule 17 and Local Civil Rule 17(c), and that appointing a Settlement Guardian ad Litem is in W.B.'s best interest. The Court further finds that Christopher M. Henderson has the appropriate expertise and background to serve as Settlement Guardian ad Litem for W.B.

### IV.   CONCLUSION

The Petition for Appointment of Settlement Guardian Ad Litem Pursuant to Rule 17 is hereby GRANTED.

Christopher M. Henderson is APPOINTED as Settlement Guardian ad Litem for W.B. to represent the interests of W.B. in this matter. Mr. Henderson shall discharge his duties and obligations pursuant to applicable law, including Federal Rule of Civil Procedure 17 and Local Civil Rule 17. Mr. Henderson shall be compensated at his normal hourly rate.

The Court ORDERS and DIRECTS Mr. Henderson to investigate the matter and prepare a report consistent with Local Civil Rule 17, and to file that report with this Court on or before

Monday, March 7, 2022. Plaintiffs' counsel is DIRECTED to serve a copy of this Order on Mr. Henderson and to file proof of such service within seven (7) days of the date of this Order.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 20th day of January, 2022.

Lauren King
United States District Judge