UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| M.C.S., in her capacity as parent and guardian of minor W.B.,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>SEATTLE SCHOOL DISTRICT NO 1,<br><br>　　　　　　　Defendant. | CASE NO. 2:21-cv-00619-LK<br><br>ORDER APPROVING SETTLEMENT |

This matter is before the Court on Plaintiffs'[1] unopposed motion to approve the settlement between the parties. Dkt. No. 29. The Court previously granted Plaintiffs' petition to appoint a Settlement Guardian ad litem for minor W.B. pursuant to Federal Rule of Civil Procedure 17. Dkt. Nos. 15, 20. Under Rule 17, the Court has a "special duty" to "safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011); *see also* LCR 17(c) (requiring that the Court appoint an independent guardian ad litem who is an attorney-at-law in

---

[1] The complaint's caption lists the "Plaintiff" (singular) as "M.C.S., in her capacity as parent and guardian of minor student, W.B." Dkt. No. 1 at 1. However, the body of the complaint identifies both M.C.S. and W.B. as plaintiffs. *Id.* at 2–3.

ORDER APPROVING SETTLEMENT - 1

any case involving court approval of a settlement involving the claim of a minor or incompetent). Court-appointed guardian ad litem Christopher M. Henderson has recommended that the Court approve the settlement with specific distributions described below. *See* Dkt. No. 27.

The Court's inquiry is limited to "the question [of] whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82. This inquiry must be performed "without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel." *Id.* at 1182. "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id.*

Having reviewed the report of the settlement guardian ad litem, Dkt. No. 27, Plaintiffs' unopposed motion, Dkt. No. 29, and the remaining record in this case, the Court APPROVES the proposed settlement with the following notes and modifications:

1. The Court notes that there appears to be an error in Section VIII, "Proceeds of Settlement," of Plaintiffs' motion, indicated as follows with additions in underline and deletions in strikethrough:

    Offer: $300,000
    Less costs: $954.39
    Attorney's fees: $120,000
    Subrogation and Liens: $0.00
    Reimbursements: $0.00
    Settlement Guardian ad Litem Fee: $3,976.50 (to be paid by Seattle School District or its Insurer)
    <u>Lien payment to The Rawlings Company:    $229.15</u>
    TOTAL DEDUCTIONS: ~~$120,954.39~~ <u>$121,183.54</u>
    Net proceeds to M.C.S. $35,763.29
    Net proceeds to W.B. $143,053.17

ORDER APPROVING SETTLEMENT - 2

It appears that the omission of the lien payment from this section was in error, as the Proposed Order includes it. Dkt. No. 29-1 at 2. It also appears that Section 7.3 is in error because it states that "[n]o liens or subrogation claims exist that would diminish the total amount of the settlement." Because the Proposed Order appears to better reflect the intent of the parties (and accounts for the full $300,000 settlement), the Court includes payment of the lien in the approved settlement below.

2. Mr. Henderson has requested that the Court authorize him and his firm to continue to represent BIAWA as trustee for the PACT, and to represent BIAWA with regard to administration of W.B.'s trust share if asked to do so, to the extent consistent with the Rules of Professional Conduct. Dkt. No. 27 at 11. Plaintiffs do not discuss this request in their motion, but their Proposed Order includes the following: "Brothers & Henderson, P.S. and its attorneys are authorized to represent BIAWA as Trustee of W.B.'s individual account in the PACT BSM Trust in the event the Trustee wishes to retain said law firm, and the Court waives any conflict of interest that may be implied by that relationship." The Court cannot waive conflicts of interest, nor does it find these requests appropriate. If a representation is permitted under the Rules of Professional Conduct, presumably Mr. Henderson and his firm may undertake such representation and do not need Court authorization to do so.

The Court accordingly ORDERS as follows:

1. The offered gross settlement of $300,000.00 is adequate and reasonable and is hereby approved.

2. The net amount of $143,053.17 allocated to W.B. in the settlement is fair and reasonable, in light of the facts of the case, W.B.'s specific claims, recovery in similar cases, and the report and recommendation of the Settlement Guardian ad Litem, Dkt. No. 27.

ORDER APPROVING SETTLEMENT - 3

3. Cedar Law, PLLC's fees and costs incurred in the representation of Plaintiffs in the total amount of $120,954.39 are found to be reasonable and are approved for payment from the gross settlement proceeds.

4. The allocation of $35,763.29 to M.C.S. is found to be reasonable, *see* Dkt. No. 27 at 6, and is approved for payment from the gross settlement proceeds.

5. The allocation of $229.15 to The Rawlings Company is found to be reasonable, *see* Dkt. No. 27 at 5, 11, and is approved for payment from the gross settlement proceeds.

6. Cedar Law, PLLC is authorized and directed to distribute the settlement proceeds as follows:

| | |
|---|---|
| Attorney's fees payable to Cedar Law, PLLC | $120,000.00 |
| Costs to be reimbursed to Cedar Law, PLLC | $954.39 |
| Lien payment to The Rawlings Company | $229.15 |
| Net proceeds payable to M.C.S | $35,763.29 |
| Net proceeds to be placed into basic support and maintenance trust with Pooled Alliance Community Trusts, Basic Support and Maintenance Trust ("PACT BSM") for the benefit of W.B. | $143,053.17 |

7. The settlement proceeds shall not be considered to have been received by, to be available to, or to have come into the possession or under the control of W.B.

8. The Brain Injury Alliance of Washington ("BIAWA") shall serve as Trustee for W.B's account in the PACT basic support and maintenance ("BSM") Trust. W.B.'s account shall terminate upon W.B. reaching eighteen years of age.

9. The Settlement Guardian ad Litem is authorized and directed to enter into any agreements necessary on W.B.'s behalf to fulfill the provisions of this order.

10. Plaintiffs' counsel is directed to obtain Receipts of Deposit of Funds into the trust account

and to open a trust reporting matter with King County Superior Court and file each Receipt in that matter.

11. The Settlement Guardian ad Litem fees and costs totaling $3,976.50, *see* Dkt. No. 28, payable to Brothers & Henderson, P.S., are approved as reasonable, and Defendant Seattle School District No. 1 is directed to pay such fees and costs within 60 days of entry of this Order without reducing the settlement proceeds available to W.B.

12. The Settlement Guardian ad Litem is discharged upon the filing of the Receipt of Deposit of Funds by BIAWA.

The Clerk is DIRECTED to send a copy of this Order to all counsel of record and to Christopher M. Henderson, Brothers & Henderson, P.S., 936 N. 34th St. Suite 200, Seattle, WA 98103, and to CLOSE this case.

Dated this 20th day of July, 2022.

*Lauren King*

Lauren King
United States District Judge

ORDER APPROVING SETTLEMENT - 5